UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL REIFFER,<br><br>    Plaintiff,<br><br>    v.<br><br>ATTN.LIVE LLC,<br><br>    Defendant. | Case No. 22-cv-03674-RS<br><br>**ORDER GRANTING DEFAULT JUDGMENT** |

## I. INTRODUCTION

Plaintiff Paul Reiffer ("Plaintiff"), a professional photographer whose work is used and seen worldwide, brings suit against ATTN.Live LLC ("Defendant"), a Puerto Rican limited liability company, for copyright infringement arising from an allegedly unauthorized use of one of his photographs (of San Francisco's Golden Gate Bridge) on a website promoting Defendant's event. Plaintiff discovered the alleged infringement on June 27, 2019, and notified Defendant of the infringement in 2020. After unsuccessful discussions with Defendant on the matter, Plaintiff filed the Complaint on June 22, 2022, but Defendant has failed to appear in the case. On September 2, 2022, due to Defendant's continued failure to appear in the matter, default was entered against Defendant.

Plaintiff now moves for default judgment, including an award of damages and attorneys' fees. This motion is suitable for disposition without oral argument, pursuant to Civil Local Rule 7-1(b); the hearing set for April 6, 2023 is therefore vacated. For the reasons that follow, Plaintiff's motion for default judgment is granted.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 55, entering a default judgment is a two-step process: prior to entry of a default judgment, there must first be an entry of a default. Fed. R. Civ. P. 55. Following entry of default, a district court may in its discretion grant relief upon an application for default judgment. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). In exercising its discretion, the court may consider: "(1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). In considering these seven *Eitel* factors, all factual allegations in the complaint are taken as true, except for those relating to damages. *TeleVideo Sys. Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987). Allegations regarding damages must be independently proven. *Id.* at 918; *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977). A plaintiff must also prove its entitlement to other forms of relief, such as a permanent injunction. *Oakley, Inc. v. Moda Collection, LLC*, No. 8:16-cv-160-JLS-JCGx, 2016 WL 7495837, at *1 (C.D. Cal. Sept. 28, 2016).

## III. DISCUSSION

### A. Jurisdiction & Service

A court must confirm that it has both subject matter and personal jurisdiction prior to assessing the merits of a default judgment. *See In re Tuli,* 172 F.3d 707, 712 (9th Cir. 1999). It must also "ensure the adequacy of service on the defendant." *Produce v. California Harvest Healthy Foods Ranch Mkt.*, No. C-11-04814 DMR, 2012 WL 259575, at *2 (N.D. Cal. Jan. 27, 2012).

This court has subject matter jurisdiction given that Plaintiff's claim is for copyright infringement under 17 U.S.C. § 501, pursuant to 28 U.S.C. § 1338 ("The district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to patents, plant variety protection, copyrights and trademarks."). Plaintiff avers Defendant's principal place of

ORDER GRANTING DEFAULT JUDGMENT
CASE NO. 22-cv-03674-RS

2

business is its office located in San Francisco, California, and that the event listing that allegedly infringed on his copyrighted photo was an event in California, directed at California residents. These facts, taken as true, furnish personal jurisdiction over Defendant.

Plaintiff here used substitute service, by "substitute serving [Defendant's] owner Ian Utile . . . through Jane Doe, Mother/Co-Ocupant/person who is apparently in charge thereof," Dkt. 20 at 1, pursuant to Federal Rules of Civil Procedure 4(h)(1)(A) and 4(e)(1), which permit serving a corporation by following state law, and California Code of Civil Procedure § 415.20, which reads in relevant part:

> **(b)** If a copy of the summons and complaint cannot with reasonable diligence be personally delivered to the person to be served . . . , a summons may be served by leaving a copy of the summons and complaint at the person's dwelling house, usual place of abode, usual place of business, or usual mailing address . . . in the presence of a competent member of the household or a person apparently in charge of his or her office, place of business, or usual mailing address . . . , at least 18 years of age, who shall be informed of the contents thereof, and by thereafter mailing a copy of the summons and of the complaint by first-class mail, postage prepaid to the person to be served at the place where a copy of the summons and complaint were left. . . .

The substitute service was left with the Jane Doe on June 30, 2022 after five separate attempts to serve, including an attempt the morning of June 30, 2022 where the server noted that he "saw a man matching the photo provided of Ian Utile but he quickly went inside and would not come back outside." Dkt. 10 at 2. Based on these facts, and mindful that the "statutes governing substitute service shall be 'liberally construed to effectuate service and uphold jurisdiction if actual notice has been received by the defendant,'" *Ellard v. Conway,* 94 Cal. App. 4th 540, 544 (2001) (quoting *Bein v. Brechtel–Jochim Group, Inc.,* 6 Cal. App. 4th 1387, 1392 (1992)), Plaintiff's substitute service is found to be adequate.

### B.  *Eitel* Factors

Analysis of the *Eitel* factors weigh in favor of entering default judgment.

The first factor concerns prejudice to Plaintiff if default judgment were denied. Such prejudice would "necessarily flow[]" from a meritorious claim, "because, in the absence of a default judgment, plaintiff 'would be without other recourse for recovery' to which it is entitled." *Dr. JKL Ltd. v. HPC IT Educ. Ctr.*, 749 F. Supp. 2d 1038, 1048 (N.D. Cal. 2010). Therefore, this

hinges on consideration of the second and third factors: the merits of Plaintiff's substantive claim, and the sufficiency of the complaint.

The elements of copyright infringement are "(1) ownership of a valid copyright; and (2) that the defendant violated the copyright owner's exclusive rights under the Copyright Act." *Ellison v. Robertson,* 357 F.3d 1072, 1076 (9th Cir. 2004). Pursuant to 17 U.S.C. § 106, rights under the Copyright Act include the exclusive right "to reproduce the copyrighted work" and "to display the copyrighted work publicly." 17 U.S.C. § 106(1), (5). Plaintiff avers his ownership of valid copyrights for the photo at issue. *See* Dkt. 1 (Complaint), ¶ 15 (showing the photograph entitled "20120115-SaveMeSanFrancisco_11k_Final (The City by the Bay)"; *see also* Dkt. 1-1 at 1 (providing certificate of registration for "20120115-SaveMeSanFrancisco_1 lk_Final"). Plaintiff also alleges Defendant publicly displayed that photo in advertising for one of Defendant's events. This is sufficient to show a violation of 17 U.S.C. § 501(a), satisfying the second and third *Eitel* factors.

The fourth factor "pertains to the amount of money at stake in relation to the seriousness of [d]efendant's conduct." *Elias v. Allure SEO*, No. 20-CV-06031-RS, 2022 WL 2755351, at *2 (N.D. Cal. July 14, 2022) (citation omitted). Plaintiff's requested damages—$30,000 in statutory damages for copyright infringement, and $10,511.55 for attorneys' fees and costs—"while not trivial, are relatively modest" and "not out of line, given [Plaintiff's] status as a professional photographer and the potential value of his work." *Id.*

The remaining factors also pose no bar. Particularly as Defendant allegedly has actual notice of the lawsuit and yet has consciously not bothered to appear, there is little reason to assume that the central, material facts would be in significant dispute (the fifth factor), and no indication that Defendant's failure to participate in the litigation is due to any kind of excusable neglect (the sixth factor). As a result, the general policy preference for a resolution on the merits must yield to Plaintiff's right to a determination of his claims under these circumstances and on this record.

**C.  Remedies**

1    A plaintiff seeking default judgment "must also prove all damages sought in the
2    complaint." *Dr. JKL Ltd.*, 749 F. Supp. 2d at 1046 (citation omitted). Plaintiff seeks $30,000 in
3    statutory damages permitted for an allegedly willful infringement of copyright, pursuant to 17
4    U.S.C. § 504(c). 17 U.S.C. § 504(c)(2) authorizes damages of up to $150,000 in cases where "the
5    infringement was committed willfully." By contrast, 17 U.S.C. § 504(c)(1) authorizes damages of
6    up to $30,000 for cases of non-willful infringement.

7    In this case, Plaintiff's licensing fee is $5,000. At a minimum, therefore, Plaintiff has
8    actual damages of at least $5,000 in lost licensing fees. In addition, courts typically use a multiple
9    of a licensing fee in calculating statutory damages to ensure "a sufficient penalty and adequate
10   deterrence." *Michael Grecco Prods., Inc. v. Enthusiast Gaming, Inc.*, No. 19-CV-06399-LHK,
11   2020 WL 7227199, at *10 (N.D. Cal. Dec. 8, 2020). Although "[c]ourts have consistently held
12   that a statutory damages award three times the amount that the plaintiff would have received in
13   licensing fees is appropriate under [17 U.S.C. § 504(c)]," *id.* (citing *Broad. Music, Inc. v. Paden*,
14   No. 5:11-02199-EJD, 2011 WL 6217414, at *5 (N.D. Cal. Dec. 14, 2011)), courts—including in
15   this district—have also made higher awards. *See id.* (citing cases that five times the licensing fee is
16   "a multiplier that other courts have used" and upholding $62,500 in statutory damages).

17   Plaintiff does not provide a reason for why the award should exceed the five times license
18   fee multiplier. Instead, the reasoning set forth in *Reiffer v. Shearwater Pac. Cap. Mgmt. LLC*—a
19   copyright case Plaintiff brought on behalf of another of his photos of the Golden Gate Bridge—is
20   persuasive and therefore adopted here. As Judge Illman explained, although "allegations of willful
21   infringement are deemed to be true on default," *Reiffer v. Shearwater Pac. Cap. Mgmt. LLC*, No.
22   18CV06053JSWRMI, 2020 WL 7048307, at *8 (N.D. Cal. May 13, 2020), *report and*
23   *recommendation adopted*, No. 18-CV-06053-JSW, 2020 WL 7050026 (N.D. Cal. June 22, 2020),
24   Defendant removed the photograph, and "Plaintiff has not alleged that Defendant has used the
25   photograph again." *Id.* Under these circumstances, and in the absence of a scarcity multiplier, *see*
26   *id.* at *7, an award of $10,000—two times the licensing fee—for statutory damages for copyright
27   infringement is appropriate.

28

ORDER GRANTING DEFAULT JUDGMENT
CASE NO. 22-cv-03674-RS

5

1  Plaintiff also seeks $10,511.55 for attorneys' fees and costs. In support, Plaintiff submits its lodestar calculations, which include detailed time sheets for the attorneys and paralegals who worked on the case. These seem reasonable in light of what the record shows as to the nature and extent of the services performed.

Plaintiff also seeks not only post-judgment interest, but also pre-judgment interest. Although pre-judgment interest is an available remedy under the Copyright Act, *see Polar Bear Prods., Inc. v. Timex Corp.*, 384 F.3d 700, 716 (9th Cir. 2004), such an award is discretionary: the Ninth Circuit has noted that such interest "*may* be necessary . . . to effectuate the legislative purpose of making copyright holders whole and removing incentives for copyright infringement," particularly when "necessary to discourage needless delay and compensate the copyright holder for the time it is deprived of lost profits or license fees." *Id.* at 718 (emphasis added). It is therefore perhaps not surprising that "district courts have been reluctant to award prejudgment interest in cases where a plaintiff is awarded statutory rather than actual damages." *Stockfood Am., Inc. v. Sequoia Wholesale Florist, Inc.*, No. 20-CV-03507-DMR, 2021 WL 4597080, at *7 (N.D. Cal. June 22, 2021) (citing cases), *report and recommendation adopted*, No. 20-CV-03507-JD, 2021 WL 4595128 (N.D. Cal. Oct. 6, 2021). Because the statutory damages already include an amount intended to furnish deterrence, and Plaintiff has not shown that Defendant's conduct significantly delayed Plaintiff's recovery, Plaintiff has not adequately justified its request for pre-judgment interest. Accordingly, only post-judgment interest will be awarded.

Finally, Plaintiff also requests a permanent injunction in order to prevent future violations. Since this lawsuit was filed, Defendant has taken down the event listing, thereby removing the photo. Plaintiff has not provided any other details or arguments supporting the conclusion that there is a "continued threat of future infringing activity," *Grecco*, 2020 WL 7227199, at *9, and as a result, the request for the permanent injunction is denied.

## IV. CONCLUSION

For the foregoing reasons, the motion for default judgment for copyright infringement is granted, and a judgment is filed herewith. Plaintiff is awarded $10,000 in statutory damages,

ORDER GRANTING DEFAULT JUDGMENT
CASE NO. 22-cv-03674-RS

$10,511.55 in attorneys' fees and costs, plus post-judgment interest to be calculated from the date of entry of judgment at the rate set forth in 28 U.S.C. § 1961. Plaintiff is not, however, entitled to either pre-judgment interest or permanent injunctive relief.

**IT IS SO ORDERED**.

Dated: April 3, 2023



RICHARD SEEBORG
Chief United States District Judge